1  STRATEGIC LEGAL COUNSELING
   Louis F. Teran (State Bar No. 249494)
2  lteran@strategiclegalcounseling.com
   1055 East Colorado Blvd., Suite #500
3  Pasadena, CA 91106
   Telephone: (818) 484-3217 x200
4  Facsimile: (866) 665-8877

5  Attorney for Plaintiff
   INHALE, INC.

6

FILED
CLERK, U.S. DISTRICT COURT

APR - 5 2010
/:02

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9                     WESTERN DIVISION

10

11  INHALE, INC., a California Corporation    )  Case No. CV 10-02453 -RCMANx
                                             )
12              Plaintiff,                    )
                                             )
13                                            )  COMPLAINT FOR:
                                             )
14       vs.                                  )
                                             )  1) FEDERAL PATENT
15                                            )     INFRINGEMENT
                                             )
16  CHINA HOOKAH MANUFACTURING CO.            )
    LTD., a company located in China;         )  2) UNFAIR COMPETITION
17                                            )     (COMMON LAW)
                                             )
18  VICK TOUZJIAN (d.b.a. TMS International), )
    an individual residing in California;     )
19                                            )
                                             )
20  HABIB IMPORTS, INC., a California         )
    Corporation                               )  DEMAND FOR JURY TRIAL
21                                            )
                                             )
22              Defendants                    )
                                             )
23  _____          )

24

25

26

27

28

- 0 -
COMPLAINT AND DEMAND FOR JURY TRIAL          CASE NO.

**PRELIMINARY STATEMENT**

1.      Plaintiff Inhale, Inc. (hereinafter "Inhale") brings this action against Defendant China Hookah Manufacturing Co. Ltd. (hereinafter "China Hookah") and Defendant Vick Touzjian (d.b.a. TMS International) (hereinafter "Vick Touzjian") and Defendant Habib Imports, Inc. (hereinafter "Habib"), under the United States Patent Law and the common laws of the State of California, to enjoin the current and prospective infringement of Inhale's patent as well as for unfair competition, and for recovery of monetary damages resulting from those actions.

**JURISDICTION AND VENUE**

2.      The First claim for relief arises under the United States Patent Law, United States Code Title 35.  Jurisdiction over the subject matter of this claim is vested in this Court under 35 U.S.C. §§271 and 289.

3.      The Second claim for relief arises under the common laws of the State of California.  Jurisdiction over the subject matter of this claim is vested in this Court under 28 U.S.C. §1338(b) in that this claim is joined with a substantial and related claim under the United States Patent Law.  Jurisdiction over this claim is also vested in the Court under 28 U.S.C. §1367(a) based upon principles of supplemental jurisdiction.

4.      A substantial part of the events giving rise to the claims asserted herein occurred in the Central District of California and have caused, and continue to cause, damage to Plaintiff in this District.  Second, Defendants conduct substantial business in this Judicial District.  Thirdly, on information and belief, Plaintiff alleges that Defendants have advertised, offered for sale, sold, and unless enjoined by this Court, will continue to advertise, offer for sale, and sell products in this Judicial District utilizing a product design as set forth more fully herein.  Accordingly, this Court has personal jurisdiction over the Defendants and venue in this District is proper under 28 U.S.C. §§1391(b) and 1391(c).

**THE PARTIES**

A.      **Plaintiff Inhale**

5.      Plaintiff Inhale, Inc. is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, having a principal place of business at 1280 N. Johnson Ave., Suite #100, El Cajon, California 92020.  Inhale designs, manufactures, and sells various types of smoking devices and smoking related products, including hookahs, vaporizers, tobaccoless cigarettes, cigars, electronic cigarettes, and cigarette lighters under the federally registered trademark INHALE.

**B.**     **The Defendants**

6.      Upon information and belief, Defendant China Hookah is, and at all times mentioned herein was, a company organized and existing under the laws of the country of China, having a principal place of business at No. 998, Jiulong Road, Ningbo, China 315000.  Defendant China Hookah is a manufacturer of hookahs.

7.      Upon information and belief, Defendant Vick Touzjian (d.b.a. TMS International) is, and at all times mentioned herein was, an individual resident of the State of California, having a principal place of business at 19528 Ventura Blvd., Suite 140, Tarzana, CA 91356.  Defendant Vick Touzjian is an importer and distributor of products manufactured by Defendant China Hookah.

8.      Upon information and belief, Defendant Habib is, and at all times mentioned herein was, a corporation organized and existing under the laws of the State of California, having a principal place of business at 7500 14th Ave, Suite 17, Sacramento, CA 95820.  Defendant Habib is a distributor of hookahs to wholesalers and retailers.

**FACTUAL BACKGROUND**

**A.**     **Inhale and its Patent**

9.      Since 1997, Inhale has been an innovator in the design, development, sale, and marketing of hookahs and other smoking devices throughout the United States, Canada, Europe, and Asia.

10.     A hookah is a smoking device or water pipe that is used to smoke herbs, such as tobacco.  The general concept of a hookah has been in existence for centuries with original popularity tracing back to Turkey around the years 1623-1640 where they

1   became an important part of coffee shop culture and the preferred way of smoking

2   tobacco.  Representative samples of various hookah designs currently available in the

3   marketplace are shown in Exhibit A.

4        11.     The current marketplace is filled with a multitude of hookah designers and

5   manufacturers.  Inhale has earned a leadership position in the marketplace through years

6   of hard work and substantial investment in the branding and innovative design of its

7   various hookahs.  As a result of its endeavors, Inhale has created and owns valuable

8   intellectual property in the form of patents, trademarks, copyrights, and trade secrets.

9   Inhale has grown to be known as a leading innovator of hookah designs.

10        12.     On September 19, 2008, Inhale filed a U.S. Design Patent application for

11   one of its hookah designs.  The United States Patent and Trademark Office (USPTO)

12   acknowledged the novel, innovative, and unique design of the hookah by awarding Inhale

13   U.S. Patent No. D593,708 (the "'708 Patent").  A true and correct copy of the patent is

14   attached as Exhibit B.  The '708 Patent serves as prima facie proof that the design of the

15   hookah is novel and nonobvious.

16   **B.  <u>Defendants' Business</u>**

17        13.     Upon information and belief, Inhale alleges that Defendants operate their

18   business in the following manner:

19        14.     Upon information and belief, Inhale alleges that Defendant China Hookah is

20   located in the country of China and is a manufacturer of hookahs.

21        15.     Upon information and belief, Inhale alleges that Defendant China Hookah

22   distributes its hookahs throughout five regions:  United States and Canada; Australia; East

23   Europe; West Europe; and China.  Defendant China Hookah has an independent import

24   and distribution agent in each of the five regions through whom it distributes its hookahs

25   exclusively throughout that region.  A purchaser of China Hookah products must make its

26   purchases through the corresponding import and distribution agent in its region.

27        16.     Upon information and belief, Inhale alleges that the import and distribution

28   agents are independent from China Hookah.  They are not employees or owners of China

1  Hookah.  They maintain and manage their own independent import and distribution

2  business in their corresponding regions.

3       17.     Upon information and belief, Inhale alleges that Defendant Vick Touzjian is

4  located in Tarzana, California and operates as the exclusive independent import and

5  distribution agent of Defendant China Hookah products in the United States, the State of

6  California, and this judicial district.

7       18.     Upon information and belief, Inhale alleges that Defendant Habib is located

8  in Sacramento, California and sells hookahs to wholesalers and retailers throughout the

9  United States, the State of California, and this judicial district.

10       19.     Upon information and belief, Inhale alleges that Defendant Habib orders

11  China Hookah products through Defendant Vick Touzjian.

12       C. **Defendants' Wrongful Conduct**

13       20.     On March 15, 2009, Defendant Vick Touzjian, while in attendance at the

14  2009 ASD Trade Show in Las Vegas, Navada, promoted and offered to sell a hookah that

15  was confusingly similar to Inhale's patented hookah covered under the '708 Patent.

16  Representative samples of Inhale's Hookah and Defendants' Infringing Hookah are

17  shown in Exhibit C and referred to as "Inhale's Hookah" and "Infringing Hookah",

18  respectively.

19       21.     On March 31, 2009, attempting to minimize its damages, Inhale, through

20  counsel, contacted Defendant Vick Touzjian requesting the he cease all promotion and

21  sale of the Infringing Hookah.  Attached hereto as Exhibit D, and incorporated herein by

22  reference, is a true and correct copy of Inhale's cease and desist letter.

23       22.     On July 2, 2009, Defendant Vick Touzjian, through its counsel, responded

24  to Inhale's correspondence with a letter admitting his promotion of the Infringing Hookah

25  at the 2009 ASD trade show and expressing his intent not to advertise or sell the

26  Infringing Hookah in the future.  Attached hereto as Exhibit E, and incorporated herein by

27  reference, is a true and correct copy of Defendant Vick Touzjian's response to Inhale's

28  correspondence.

COMPLAINT AND DEMAND FOR JURY TRIAL          CASE NO.

23.   By July 2, 2009, information of Inhale's concerns regarding the Infringing Hookah reached Defendant China Hookah through Defendant Vick Touzjian.  In response, Defendant China Hookah voluntarily removed information of the Infringing Hookah from its website.

24.   Satisfied with the response from Defendant Vick Touzjian and Defendant China Hookah, Inhale considered the matter closed.

25.   But then on or around March 3, 2010, much to its surprise, Inhale discovered that the Infringing Hookah was promoted, offered for sale, and sold during the 2010 ASD trade show in Las Vegas, Nevada.

26.   Defendant Habib promoted, offered to sell, and sold the Infringing Hookah out of its booth at the 2010 ASD trade show.  Attached hereto as Exhibit F, and incorporated herein by reference, is a true and correct copy of a photograph taken by Inhale of the Infringing Hookah being displayed for sale at the booth operated by Defendant Habib at the 2010 ASD trade show.

27.   Defendant Habib is currently promoting, offering to sell, and selling the Infringing Hookah through its printed products catalog.  Attached hereto as Exhibit G, and incorporated herein by reference, is a true and correct copy of the page in Defendant Habib's 2010 products catalog that shows the Infringing Hookah.

28.   Defendant Habib is currently promoting, offering to sell, and selling the Infringing Hookah through its website.  Attached hereto as Exhibit H, and incorporated herein by reference, is a true and correct copy of the section on Defendant Habib's website that shows the Infringing Hookah.

29.   Defendant Habib has been a customer of Inhale for over five years.  Over the years, Defendant Habib has purchased several hookahs directly from Inhale, including Inhale's Hookah claimed in the '708 Patent.  Upon purchasing directly from Inhale, Defendant Habib was notified by Inhale that Inhale's Hookah claimed in the '708 Patent was protected by Patent Law in the United States, Europe, and China.

30.   With full knowledge that Inhale's Hookah is protected by the '708 Patent,

1   Defendant Habib willfully chose to promote, offer to sell, and to sell the Infringing
2   Hookah at a lower price than Inhale's Hookah and to pass off the Infringing Hookah as
3   Inhale's Hookah.

4       31.    On or around March 3, 2010, Inhale contacted Defendant Vick Touzjian
5   about Defendant Habib's sale of the Infringing Hookah.  Defendant Vick Touzjian
6   explicitly denied any involvement or affiliation with Defendant China Hookah in regards
7   to this matter or the Infringing Hookah.

8       32.    However, since March 3, 2010, Inhale has confirmed that Defendant China
9   Hookah has resumed promoting, offering to sell, and selling the Infringing Hookah
10  through its website.   Attached hereto as Exhibit I, and incorporated herein by reference,
11  is a true and correct copy of the section on Defendant China Hookah's website that
12  promotes and sells the Infringing Hookah.

13      33.    Since March 3, 2010, Inhale has also confirmed that Defendant Vick
14  Touzjian is still the exclusive independent import and distribution agent of Defendant
15  China Hookah's products in the United States and Canada.  Attached hereto as Exhibit J,
16  and incorporated herein by reference, is a true and correct copy of the section in
17  Defendant China Hookah's website that identifies Defendant Vick Touzjian as the
18  exclusive distributor of its products throughout the United States and Canada.

19      34.    As further assurance that Defendant Vick Touzjian is still affiliated with
20  Defendant China Hookah, a representative of Inhale engaged correspondence with
21  Defendant China Hookah via email asking for information specifically for the Infringing
22  Hookah.  Defendant China Hookah responded with Defendant Vick Touzjian's
23  information as the primary contact for any orders for the Infringing Hookah.  In fact, in
24  the email correspondence, Defendant China Hookah states, "Please email or call
25  Vick…he is very good man and will offer you very good price."  Attached hereto as
26  Exhibit K, and incorporated herein by reference, is a true and correct copy of the email
27  correspondence.

28                      **FIRST CLAIM FOR RELIEF**

COMPLAINT AND DEMAND FOR JURY TRIAL          CASE NO.

## Federal Patent Infringement Under 35 U.S.C. §271

35.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraph 1 through 34.

36.     Inhale is the exclusive owner of the entire right, title, and interest in and to the '708 Patent, including all rights to enforce that patent and to recover for infringement.

37.     Defendants have been and are presently infringing the '708 Patent within this judicial district and elsewhere by importing, manufacturing, promoting, offering to sell, and selling a hookah incorporating the design of the '708 Patent, which is substantially identical to Inhale's Hookah, which has been made in accordance with the teachings of the '708 Patent.  Representative samples of Inhale's Hookah and Defendants' Infringing Hookah are shown in Exhibit C.

38.     Defendants' Infringing Hookah so resembles Inhale's Hookah claimed in the '708 Patent that an ordinary observer, giving such attention as a purchaser usually gives, would regard the two designs as substantially the same and induce him or her to purchase one supposing to be the other.

39.     Defendants' Infringing Hookah appropriates the points of novelty of Inhale's Hookah claimed in the '708 Patent.  Defendants' Infringing Hookah was not manufactured nor authorized by Inhale.

40.     Defendants will continue to infringe the '708 Patent and irreparably harm Inhale unless the infringing activities are enjoined by this court.

41.     The actions complained of infringe the '708 Patent in violation of 35 U.S.C. § §271 and 289.

42.     Inhale has no adequate remedy at law.

43.     As a result of Defendants' unauthorized and willful infringement of Inhale's patent rights, Inhale is entitled to Defendants' profits, reasonable attorney's fees, and costs of action.

44.     Defendants' acts of patent infringement have been done with oppression, fraud, and malice thereby entitling Inhale to an award of punitive damages.

## SECOND CLAIM FOR RELIEF

### Unfair Competition Under Common Law

45.     Plaintiff repeats and hereby incorporates herein by reference, as though specifically pleaded herein, the allegations of paragraphs 1 through 44.

46.     Defendants are willfully, fraudulently, oppressively, maliciously, and unlawfully attempting to pass off, and are passing off the Infringing Hookah as one that is approved and/or authorized by Inhale.

47.     Defendants' use of the Infringing Hookah continues to confuse and deceive consumers as to the source of origin of the hookah for which Inhale has invested substantial time, effort, and money in developing and further damages to Inhale's goodwill and reputation.

48.     Defendants have been palming off its goods as that of Inhale.

49.     The damage suffered by Inhale is irreparable and will continue unless Defendants are restrained by this Court from the commission of these acts.

50.     Defendants' willful, deliberate, and malicious conduct constitutes unfair competition with Inhale.

51.     Such despicable conduct is the reason for Defendants' ability to market and sell the Infringing Hookah.

52.     Defendants are being unjustly enriched through such flagrantly unlawful conduct and should be punished therefore.

53.     Inhale has no adequate remedy at law in that the continuing nature of the unfair competition will result in irreparable damage to Inhale should the Defendant not be enjoined from its acts of unfair competition.

54.     A complete recitation of the damages suffered by Inhale as a result of this unfair competition must await discovery of Defendants' books and records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Inhale prays that this Court grant relief as follows:

A.     For a judgment that Defendants have infringed Inhale's '708 Patent;

B.     For a judgment that Defendants' use and sale of the infringing hookah constitute False Designation of Origin, which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association with Inhale and as to the origin, sponsorship, or approval of Defendants' goods by Inhale in violation of 15 U.S.C. §1125(a);

C.     For a judgment that Defendants' acts of False Designation of Origin have been willful;

D.     For a judgment that Defendants' acts complained of herein constitute Unfair Competition under the common law of California;

E.     For a judgment that Defendants' acts of Unfair Competition under common law have been willful;

F.     For the grant of permanent injunctive relief enjoining Defendants and all those in privity, concert, or participation with it from:

    i.   Infringing or inducing infringement of the '708 Patent;

    ii.   Unfairly competing with Inhale in any manner whatsoever; and

    iii.   Engaging in any acts or activities directly or indirectly calculated to trade upon Inhale's reputation or goodwill, or in any way to compete unfairly with Inhale;

G.     For a judgment directing that any goods, labels, emblems, or marketing materials, in the possession or under the Defendants' control which infringe the '708 Patent but not emanating from Inhale, be delivered up and destroyed within ten (10) days of entry of judgment;

H.     For a judgment against Defendants awarding Inhale damages and lost profits, including:

    i.   All damages sustained by Inhale as a result of Defendants' unlawful infringement of the '708 Patent, together with appropriate interest on such damages and that such damages be trebled, pursuant to 35

1          U.S.C. §§284 and 289; and

2       ii.  All damages sustained by Inhale on account of unfair competition,

3           lost business opportunities, and any other damage suffered by Inhale

4           as a result of Defendants' acts described in this complaint, and that

5           such damages be trebled;

6     I.    For an order that Defendants pay to Plaintiff general damages in an amount

7  to be proven;

8     J.    For finding that Defendants' conduct was oppressive, malicious, and

9  fraudulent and an award of punitive damages;

10     K.    For an award of Inhale's costs and reasonable attorney's fees pursuant to 15

11  U.S.C. §1117;

12     L.    For an award of any other relief as the Court deems just and proper.

13

14

15  DATED:  April 5, 2010

16

17                By:___ _____

18                     Louis F. Teran

19                     Attorney for Inhale, Inc.

20

21

22

23

24

25

26

27

28

COMPLAINT AND DEMAND FOR JURY TRIAL       CASE NO.

1

2

**DEMAND FOR JURY TRIAL**

3
      Plaintiff hereby demands trial by jury as provided by Rule 38(a) of the Federal

4
Rules of Civil Procedure.

5

6
DATED:  April 5, 2010

7
By:_____

8
        Louis F. Teran

9
        Attorney for Inhale, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A







# EXHIBIT  B

US00D593708S

(12) **United States Design Patent**      (10) Patent No.:      **US D593,708 S**

Chaoui                                      (45) Date of Patent:    ** **Jun. 2, 2009**

(54) **HOOKAH**

(76) Inventor:   **Rani A. Chaoui**, 1280 N. Johnson Ave., Suite #100, El Cajon, CA (US) 92020

(**) Term:      **14 Years**

(21) Appl. No.: **29/310,936**

(22) Filed:     **Sep. 19, 2008**

(51) **LOC (9) Cl.** ................................................. **27-02**
(52) **U.S. Cl.** ................................................... **D27/162**
(58) **Field of Classification Search** ............... D27/162; 131/173
   See application file for complete search history.

(56)                **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D256,508 S | * | 8/1980 | Graham | D27/162 |
| D372,335 S | * | 7/1996 | Clark | D27/162 |
| D547,902 S | * | 7/2007 | Kassir | D27/162 |

D548,398 S   *   8/2007   Chaoui ...................... D27/162

* cited by examiner

Primary Examiner—Jennifer Rivard
(74) Attorney, Agent, or Firm—Louis F. Teran

(57)                  **CLAIM**

I claim the ornamental design for the hookah, as shown and described.

**DESCRIPTION**

FIG. **1** is a front view of the hookah.

FIG. **2** is a right side view thereof.

FIG. **3** is a left side view thereof; and,

FIG. **4** is a back side view thereof.

The hookah is disclosed separately for convenience of illustration.

**1 Claim, 4 Drawing Sheets**





**FIG. 1**



**FIG. 2**



**FIG. 3**



**FIG. 4**

# EXHIBIT  C

**INHALE'S HOOKAH**



**INFRINGING HOOKAH**



# EXHIBIT  D



## STRATEGIC LEGAL COUNSELING
### PATENT, TRADEMARK & SMALL BUSINESS ATTORNEYS

1055 East Colorado Blvd, Suite #500      Telephone: (800) 752-8470
Pasadena, CA 91106                       Facsimile: (866) 665-8877
www.strategiclegalcounseling.com

March 31, 2009

T.M.S. International
Attn: Vick Touzjian
19528 Ventura Blvd. Suite #140
Tarzana, CA 91356

RE:  **CEASE AND DESIST ALL INFRINGEMENT ON INHALE'S INTELLECTUAL PROPERTY RIGHTS**

Dear Mr. Touzjian:

I represent Inhale, Inc. (hereinafter "Inhale") in intellectual property matters.  Inhale designs, manufactures, and sells the original and ornamental hookahs that are at issue in this matter.

It has been brought to my attention that you have been marketing, promoting, selling, and offering to sell at least two hookah designs that infringe on Inhale's intellectual property rights.  I spoke to you via the telephone on the morning of March 15, 2009 at the request of my client after he noticed that you were displaying one of the infringing hookahs in your booth at the ASD trade show in Las Vegas.  During our phone conversation you claimed the hookah to be a sample only and that you did not recall the source from which you acquired it.

Our investigation has revealed that you intentionally misrepresented the facts on this matter.  We have discovered that TMS International, the company you represent, is the exclusive US distributor for China Hookah Limited Company (hereinafter "China Hookah").

**Copyright, Patent, and Trademark Rights of Inhale**
Inhale's hookahs are original designs.  Inhale's hookahs are therefore protected by United States Copyright Law.  Furthermore, Inhale has applied for Patents in the United States, China, and Europe for each of its designs.  Finally, Inhale has applied for United States Trademark for several of its hookah brands.  Exhibit A, attached for your reference, shows a copy of two hookah designs that belong to Inhale and that are at issue in this matter.

**The Infringing Hookah Offered for Sale by You**
Our investigation has revealed that China Hookah has manufactured, advertised, offered for sale, and/or sold hookahs that incorporate features protected by Inhale's intellectual property rights.  These hookahs are displayed on the China Hookah website.  As shown on Exhibit B, you and TMS International, the company you represent, are expressly identified on the China Hookah website as the United States distributor for China Hookah products.  Therefore, we must conclude that you have advertised, offered for sale, and/or sold hookahs that incorporate features protected by Inhale's intellectual property rights.  Exhibit C shows pictures of your infringing hookahs and is attached for your reference.



## STRATEGIC LEGAL COUNSELING
### PATENT, TRADEMARK & SMALL BUSINESS ATTORNEYS

1055 East Colorado Blvd, Suite #500     Telephone: (800) 752-8470
Pasadena, CA 91106                       Facsimile: (866) 665-8877
www.strategiclegalcounseling.com

**Infringement of Inhale's Intellectual Property Rights**
Your infringing hookahs embody features and/or combination of features covered by Inhale's intellectual property. Your advertising, offering for sale, selling, importing, exporting, or otherwise dealing in or with the infringing hookah online and/or otherwise have infringed Inhale's intellectual property rights.

Further, your infringing hookah will mislead or confuse consumers or have misled or confused consumers into believing that your infringing hookah is that of Inhale or is associated with or endorsed by Inhale. This constitutes a violation of Unfair Competition laws in California and the United States.

**Inhale's Demands**
Inhale takes its copyright, patent, and trademark rights very seriously and does NOT tolerate any infringement. Therefore, we must insist that you immediately cease marketing, importing, selling, and distributing any of the infringing hookahs. All photos and references to the hookah on your website and/or any marketing collateral must be removed immediately.

Continuation of use of the infringing hookahs without explicit permission from Inhale will be deemed a willful violation of Inhale's intellectual property rights.

Based on the seriousness of this matter, I must respectfully request that you respond to this letter no later than **May 4, 2009**, with acknowledgement, confirmation, and proof that you have ceased infringing on Inhale's intellectual property rights.

Inhale is hopeful that this matter can be resolved expeditiously and amicably. Failure to respond to this letter by May 4, 2009, may force Inhale to file a lawsuit against you. **I strongly advise that you make your attorney aware of this matter as soon as possible.** Nothing in this letter should be construed to limit Inhale's rights or remedies.

Respectfully submitted,

Louis F. Teran
Attorney at Law.
Tel. 818-484-3217 x200
lteran@strategiclegalcounseling.com

# EXHIBIT  E

# SPECIALE & BURTON
A PROFESSIONAL CORPORATION                                                   ATTORNEYS AT LAW

21300 VICTORY BOULEVARD, SUITE 820                                          JOHN D. SPECIALE
WOODLAND HILLS, CALIFORNIA 91367                              e-mail: jspeciale@speciale-burton.com
(818) 884-8525   FAX (818) 884-0806                                       STEVEN E. BURTON
                                                             e-mail: sburton@speciale-burton.com

July 2, 2009

**VIA U.S. MAIL AND FACSIMILE**

Louis F. Teran, Esq.
Strategic Legal Counseling
1055 E. Colorado Blvd., Ste. 500
Pasadena, CA 91106

Re:   Your client:   Inhale, Inc.
      Our client:    TMS International

Dear Mr. Teran:

This is in reply to your letters of March 31, 2009 and June 24, 2009.

First, I apologize for any delay in getting back to you. After returning from a two week
vacation in late April, I was swamped with work and facing two cases going to trial in
early June. Therefore any lack of response was not related to TMS ignoring your March
31, 2009 letter and any suggestion that there has been a willful infringement (or any
infringement for that matter) is completely without merit.

As you know, Mr. Touzjian was at a tradeshow in Las Vegas in March 2009 and had with
him a sample of a hookah that resembled the "Reaper" hookah that your client claims
infringed his intellectual property rights. Mr. Touzjian immediately removed the sample
from his booth. The item was never sold.

The website that you refer to in your email is owned and controlled by China Hookah.
TMS has nothing to do with the content on that site, either now or in the past. However,
TMS has been informed that the hookahs that you refer to in your March 31, 2009 letter,
resembling the "Magic" and "Reaper" hookahs were removed from that site in early
April 2009, which you can verify on your own. Additionally, neither of the hookahs that
you refer to have ever been on TMS's own website. TMS has never purchased and never
sold any of the allegedly offending hookahs, nor does it ever intend to advertise or sell
them in the future.

Finally, it has come to my client's attention that your client is informing or insinuating to
others that my client is engaged in patent infringement and is suing or intends to sue my
client. As noted above, my client has not engaged in any acts constituting patent

Louis F. Teran, Esq.
July 2, 2009
Page 2 of 2

infringement or any acts that can be construed as infringing on any of your client's
intellectual property rights. Accordingly, if these reports are true, your client is engaging
in conduct amounting to defamation and my client will take all necessary steps to protect
its legal rights against these slanderous remarks.

I trust this responds to all of your client's concerns that you have articulated in your
correspondence. If you have any further questions, please address them to me directly.

Regards,

STEVEN E. BURTON

SEB:sb
cc: client
S:\Burton\Toujian, Vick\Teran_ltr_7-2-09.doc

# EXHIBIT  F





**EXHIBIT  G**

Small Shisha



**NN 1001**
H:13inch

**Package:** paper box packing

**MA 8168-B**
H:11.02inch

**Package:** bird cage packing

**B 070**

# EXHIBIT  H

http://www.wholesalecentral.com/habib/store.cfm?event=item detail&icnid=99342 4&returno=1

**DIRECTORY**

- Home
- **New Products**
- Adults:Movies.DVD.Magazines
- Airsoft Guns
- Closeout
- Clothing
- General Merchandise
- Habib Hookahs
- Knife Categories
- Lighters***OK TO SHIP***
- Lighters***WE DO NOT SHIP***
- Money Clips
- Salvia
- Scales
- Scissors
- Self Defense
- Sharper
- Smoking Acc. (Ages 18+ only)
- Sporting Goods
- Swords
- Toys
- Wallet
- Whip Its
- View Cart
- Check Out
- About Us

***THE BILLING AND SHIPPING ADDRESS MUST BE THE SAME. WE WILL NOT SHIP TO A DIFFERENT SHIPPING ADDRESS. THE ADDRESS MUST MATCH THE ADDRESS ASSOCIATE WITH YOUR CREDIT CARD.***
***PLEASE ENTER YOUR CREDIT CARD CVV CODE IN THE COMMENTS/QUESTIONS FIELD***

www.Habib Wholesale.com



HABIB IMPORTS INC.

Knives · Swords · General Merchandise · Adult · Closeouts · Smoking Accessories

Home   |   About   |   Contact   |   Store

Search Our Store

○ Item #   ● Description          [          ]   Go

**Minimum Order: $150.00**

**NN 1001** - Hookah

13 inch hookah

**Price:**
$ 39.95

**Unit:**
each

**Color:**
Gray

**Quantity:**
[          ]

[ Add To Cart ]   [ Keep Shopping ]

**NN 1001**
H : 13 inch

Package: paper box packing

*****PRICES ARE SUBJECT TO CHANGE*****
***THE BILLING AND SHIPPING ADDRESS MUST BE THE SAME. WE WILL NOT SHIP TO A DIFFERENT SHIPPING ADDRESS. THE ADDRESS MUST MATCH THE ADDRESS ASSOCIATE WITH YOUR CREDIT CARD.***

# EXHIBIT I



# EXHIBIT  J



# EXHIBIT  K

## Re: hookah offer

| | |
|---|---|
| **From:** | Kelly-sales <sales@complant.net> |
| **To:** | LT |
| **Cc:** | chinahookahusa@gmail.com, Vick Touzjian <vicktms@gmail.com> |
| **Subject:** | Re: hookah offer |
| **Date:** | Mar 9, 2010 11:45 PM |

Dear Leon,
Thanks so much for your email.
Please email:chinahookahusa@gmail.com or call Vick,

Cell:818-726-6911

Tel:818-894-1414

Fax:818-894-1454
He is very good man and will offer you very good price.

Thanks and best regards
Kelly

----- Original Message -----
**From:** LT
**To:** LT ; Kelly-sales ; vicktms@gmail.com
**Sent:** Wednesday, March 10, 2010 2:20 PM
**Subject:** Re: hookah offer

Kelly,
Looks like the people you referred me to don't want to response.
I am really interested in your NN1001 hookah.  Can you send me info on price and where to buy?

-----Original Message-----
From: LT
Sent: Mar 6, 2010 1:02 AM
To: LT , Kelly-sales , vicktms@gmail.com
Subject: Re: hookah offer

I was refered to you by Kelly below.
I am looking for info on that new cool hookah with the grim reaper.  i guess the part number from your website is NN1001.
I just opened a smoke store in Key West, Florida.  I want my shop to only carry cool hookahs like this, I am not into the other
scientific looking hookahs.
I you can please send me pricing info on this hookah and any other hookah similar to this.
Kelly said you have a store in the US.  Where is it?  Can I stop by to check it out?

thanks
Leon

-----Original Message-----
From: Kelly-sales
Sent: Mar 3, 2010 6:37 PM
To: lt26@peoplepc.com
Cc: chinahookahusa@gmail.com
Subject: hookah offer

Dear my friend,

Thanks so much for your email.

We have offfice in USA . His information is as follows:

Cell:818-726-6911

Tel:818-894-1414

Fax:818-894-1454

Email: chinahookahusa@gmail.com

     vicktms@gmail.com

Regards
Kelly
Tel:0086-574-27896233
Fax:0086-574-27896220

----- Original Message -----
**From:** lt26@peoplepc.com
**To:** supply@complant.net
**Sent:** Thursday, March 04, 2010 8:31 AM
**Subject:** Buyer inquiry Notice (Net Volution Supply)!



**Dear Jacky Zhang - China Hookah Manufactory Co., Ltd.**
Paradise Smoke has New Business Opportunity for you. Who is interesting your products from
http://www.chinahookah.com.

## Company Information:

| | |
|---|---|
| **Date:** | 2010-03-03 17:31:38 |
| **Subject:** | Hookah NN.Art NN1001 |
| | http://www.chinahookah.com/showing_3086/Hookah-NN-Art-NN1001.html |
| **Message:** | This a very cool design. Can you send me pricing info? Do you have any more designs like this or similar to this? I am a new distributor in Key West, Florida. I want my products to stand out of the ordinary. This design stands out. I need more of these kinds of designs. |
| **Attachments:** | |
| **Source:** | http://www.chinahookah.com/Hookah-NN-Art-NN1001-1843.html |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV10- 2453 R (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

===============================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| INHALE, INC., a California Corporation | CASE NUMBER |
|---|---|
| PLAINTIFF(S)<br>v.<br>CHINA HOOKAH MANUFACTURING CO. LTD., a company located in China;<br>VICK TOUZJIAN (d.b.a. TMS International), an individual residing in California;<br>HABIB IMPORTS, INC., a California Corporation<br>DEFENDANT(S). | CV10-02453-R(MANx)<br><br><br>**SUMMONS** |

TO: DEFENDANT(S): <u>NAMED ABOVE</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Louis F. Teran</u>, whose address is <u>Strategic Legal Counseling, 1055 East Colorado Blvd., Suite #500, Pasadena, CA 91106</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___F 5 APR 2010___          By: _____
                                        MARILYN DAVIS
                                        Deputy Clerk

                                        *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                          **SUMMONS**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
INHALE, INC., a California Corporation

**DEFENDANTS**
CHINA HOOKAH MANUFACTURING CO. LTD., a company located in China
VICK TOUZJIAN (d.b.a. TMS International), an individual residing in California
HABIB IMPORTS, INC., a California Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Louis F. Teran (SB #249494)
Strategic Legal Counseling
1055 East Colorado Blvd., Suite #500, Pasadena, CA 91106

**Attorneys** (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement & Cyber Piracy under U.S.C. 1114(1), 1125(a),(d); and trademark infringement under CA law

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | ☐ 740 Other Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

---

**FOR OFFICE USE ONLY:** Case Number: **CV10-02453**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | INHALE, INC. - San Diego County |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| VICK TOUZJIAN - Los Angeles County | CHINA HOOKAH MANUFACTURING CO. LTD. - China <br> HABIB IMPORTS, INC. - Sacramento, CA |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date _4/5/2010_

    **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |